(R.D. 11209)

J. M. ALTIERI *v.* UNITED STATES

Entry Nos. 3359; 8015.

(Decided August 3, 1966)

*Norman J. Bergman* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

NICHOLS, Judge: These appeals for reappraisement are before me on the following stipulation of counsel for the respective parties:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs No. 5, 560, 777 and arms for chair No. 5.

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs number 5 and 560 were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

#5    $103.36 Net, packed F.O.B. Kobe
#560   142.88 Net, packed F.O.B. Kobe

598

4. That as to chair No. 777 and arms for chair No. 5, at the time of exportation to the United States of the merchandise under consideration, neither such nor similar merchandise was freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

5. That the constructed values of the chair No. 777 and the arms for chair No. 5 are the C. I. F. Invoice unit prices thereof, less ocean freight and insurance, plus 4½%, packed.

6. That these appeals for reappraisement may be submitted for decision on this stipulation and are limited to the merchandise and the issues described above and are abandoned in all other respects.

On the agreed facts, I find and hold:

(1) That export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of barber chairs Nos. 5 and 560 and that said values are:

$103.36 each, net, packed, f.o.b. Kobe for chair No. 5
$142.88 each, net, packed, f.o.b. Kobe for chair No. 560

(2) That constructed value, as that value is defined in section 402(d) of said tariff act, as amended, is the proper basis for the determination of the value of barber chair No. 777 and the arms for barber chair No. 5, and that said values are the respective c.i.f. invoice unit prices, less ocean freight and insurance, plus 4½ percent, packed.

As to all other merchandise the appeals are dismissed. Judgment will be rendered accordingly.